NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| KEXIN ZHAO; YUE NAN, | No. 17-71229 |
| Petitioners, | Agency Nos. A205-779-982 |
| v. | A206-997-265 |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 14, 2019**
San Francisco, California

Before: GOULD and IKUTA, Circuit Judges, and PEARSON,*** District Judge.

Petitioner Kexin Zhao is a 24-year-old native and citizen of China.[1]  She

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

[1] Zhao's husband, Yue Nan, is also a Chinese national and is a derivative beneficiary on Zhao's asylum application.

applied for asylum, withholding of removal, and protection pursuant to the Convention Against Torture on grounds that she had been forced to undergo an abortion. The BIA denied her claims on the basis of an adverse credibility determination.

"When the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review 'is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). We examine the BIA's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (citations omitted).

Under the REAL ID Act, which governs Zhao's application, credibility determinations are findings of fact, which are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Singh v. Lynch*, 802 F.3d 972, 974 (9th Cir. 2015) (citing 8 U.S.C. § 1252(b)(4)(B)). "Only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha*, 590 F.3d at 1041.

Inconsistencies need not go to the heart of an application to form the basis of an adverse credibility determination but must be considered in light of the totality of the circumstances, including the petitioner's explanation for a perceived

2

inconsistency. *Id.* at 1042–44. "[A]n adverse credibility determination cannot be based on complete speculation and conjecture," *Singh*, 802 F.3d at 977, but an IJ may base a credibility determination on the "inherent plausibility of the applicant's or witness's account," 8 U.S.C. § 1158(b)(1)(B)(iii).

The BIA permissibly concluded that Zhao's inconsistent statements about her purpose for coming to the United States undermined her credibility. Zhao testified that she came to the United States with her mother for vacation. But Zhao's asylum application suggested that she wanted to leave China because of her forced abortion. Zhao's desire to leave the place where she was harmed is not necessarily inconsistent with travelling to the United States for the purpose of a vacation. However, the BIA's contrary interpretation is not unreasonable, especially in light of Zhao's inability to remember whether she received her visa before or after her abortion.

The BIA also based its adverse credibility determination on an inconsistency in Zhao's testimony and supporting documents about when she and her mother first learned about asylum. Zhao testified that she and her mother first learned about asylum when they arrived in the United States. But a document that Zhao filed in support of her asylum application was notarized before she left China. Zhao testified that she did not participate in the notarization and could not explain why the document had been prepared before she and her mother arrived in the

3

United States.  The BIA reasonably rejected this explanation as insufficient; Zhao's lack of participation in the notarization does not explain why asylum application documents would have been prepared before she and her mother learned about asylum.  Zhao contends that she should be allowed to call her mother to explain what happened.  But Zhao had the opportunity to call her mother, who was in the United States, at her hearing; the IJ even asked Zhao why she had not called her mother.

*Ren v. Holder*, 648 F.3d 1079, 1090 (9th Cir. 2011) is not on point.  Unlike the petitioner in *Ren*, Zhao was not faulted for lack of corroboration.  Instead, the BIA did not believe her account—including her attempts to explain the discrepancies—because it was inconsistent and implausible.

Zhao also challenges the agency's denial of her withholding of removal claims on appeal.  The BIA properly concluded that in the absence of credible testimony, Zhao had not established her eligibility for withholding of removal.  *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).  Zhao does not challenge the BIA's denial of her claim for protection under the Convention Against Torture.

**DENIED**.